UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA RODRIGUEZ,

        Plaintiff,

-against-

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2020

19 Civ. 4925 (AT) (SN)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Sandra Rodriguez, brings this action pursuant to 42 U.S.C. § 405(g), against Defendant, the Commissioner of Social Security ("Commissioner"),[1] seeking judicial review of an administrative law judge's ("ALJ") decision, finding that she was not disabled and, therefore, not eligible for disability insurance and Supplemental Security Income ("SSI") benefits. *See* Compl., ECF No. 1. On April 2, 2019, the Commissioner requested that the Court reverse the ALJ's decision and remand the action to the Social Security Administration for further proceedings. ECF No. 30; Def. Mem. at 8, ECF No. 31. For the reasons stated below, the ALJ's decision is REVERSED and the Commissioner's motion to remand is GRANTED.

## BACKGROUND

    On September 28, 2017, Plaintiff filed an application for disability insurance and SSI benefits. *See* Administrative Record ("AR") at 115, 116, 208–209, 210–211, ECF No. 13. Her application was initially denied. *Id.* at 96–104, 105–14. After requesting a hearing before an ALJ, *see id.* at 124–125, Plaintiff appeared, without an attorney, before ALJ Vincent M. Cascio, *see id.* at 59–60, 75–76. On December 4, 2018, the ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act. *See id.* at 14–30. This became the final decision

---

[1] Andrew M. Saul, having been appointed Commissioner of the Social Security Administration, is substituted for Acting Commissioner Nancy A. Berryhill, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

of the Commissioner on April 5, 2019, when the Appeals Council denied Plaintiff's request for review. *Id.* at 1–4.

Plaintiff initiated this action on May 24, 2019, seeking judicial review of the Commissioner's decision. *See* Compl. On June 19, 2019, the Court referred the action to the Honorable Sarah Netburn, Magistrate Judge, for a report and recommendation. ECF No. 7. After the Commissioner filed the AR, *see* ECF No. 13, Plaintiff requested that the Court reverse the Commissioner's decision. ECF No. 14. On March 27, 2020, the Commissioner informed Judge Netburn that he had offered to request remand of the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). ECF No. 27. The Commissioner timely filed his motion to remand, ECF No. 30, which Plaintiff opposes. ECF Nos. 32, 33.

## DISCUSSION

I. <u>Legal Standard</u>

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), a court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "Remand is appropriate in cases where the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations." *Aponte ex rel. MR v. Astrue*, No. 08 Civ. 5885, 2009 WL 636486, at *5 (S.D.N.Y. Mar. 9, 2009).

"[T]he social security ALJ, unlike a judge in a trial, must on behalf of all claimants affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks, citations, and alteration omitted). When a Plaintiff proceeds *pro se*, "the ALJ's duties are

heightened." *Id.* at 113 (internal quotation marks and citation omitted). "The ALJ must adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Id.* (internal quotation marks, citation, and alterations omitted).

"Whether the ALJ has met his duty to develop the record is a threshold question" which the Court determines "before reviewing whether the Commissioner's final decision is supported by substantial evidence." *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 261 (S.D.N.Y. 2016). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Moreover, "[a] district court may set aside the Commissioner's determination that a claimant is not disabled . . . if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

II.     Analysis

The Court concludes that the ALJ's decision must be reversed and the case remanded for further administrative proceedings. As an initial matter, "[t]he Commissioner concedes that the record in this case is not complete." Def. Mem. at 9. Although Plaintiff identified several sources from whom she had sought treatment, the record "evidence does not include any treatment notes or examination findings from any 'medically acceptable' or treating source." *Id.* at 9. Despite the ALJ's having the contact information for several of Plaintiff's treating sources, no requests were made to these sources. *Id.* at 11.

The Second Circuit has consistently remanded cases where the ALJ "did not adequately fulfill his affirmative obligation to assist [a] pro se claimant in developing [her] case." *Cruz v.*

3

*Sullivan*, 912 F.2d 8, 12 (2d Cir. 1990) (internal quotation marks and citation omitted); *see also Moran*, 569 F.3d at 114–15 ("We vacate not because the ALJ's decision was not supported by substantial evidence but because the ALJ should have developed a more comprehensive record before making his decision."). A complete record is necessary for the Court to perform its function as a "reviewing court" in social security matters. *See Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) ("It is not the function of a reviewing court to decide *de novo* whether a claimant was disabled, or to answer in the first instance the inquiries posed by the five-step analysis set out in the [Social Security Administration's] regulations." (citation omitted)); *see also* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . may obtain a *review* of such decision . . . in the district court." (emphasis added)).

Moreover, the Commissioner admits that remand is warranted because the ALJ's evaluation of Plaintiff's alleged disability was "improper and not based on substantial evidence." Def. Mem. at 11–13. "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard" the Second Circuit has "on numerous occasions, remanded [the case] to the Commissioner for further development of the evidence." *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999) (internal quotation marks, citation, and alteration omitted). Remand is appropriate here, where the Commissioner acknowledges both that there are gaps in the administrative record and that the ALJ applied an improper legal standard.

On remand, "[t]he ALJ must adequately protect" Plaintiff's "rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Moran*, 569 F.3d at 113 (internal quotation marks, citation, and alterations omitted).

4

**CONCLUSION**

Accordingly, the ALJ's decision is REVERSED and the case is REMANDED to the Social Security Administration for further development of the administrative record. The Clerk of Court is directed to terminate the motion at ECF No. 30 and close the case.

SO ORDERED.

Dated: May 12, 2020
      New York, New York

ANALISA TORRES
United States District Judge